# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMSEY RANDALL,<br>　　Plaintiff,<br><br>v.<br><br>BERKS COUNTY, PA, (TOWNSHIP),<br>*et al.*,<br>　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 19-CV-1342<br>:<br>:<br>:<br>: |

## MEMORANDUM

**SLOMSKY, J.**　　　　　　　　　　　　　　　　　　　　　　　　APRIL 29, 2019

*Pro se* Plaintiff Ramsey Randall, a prisoner currently confined at SCI Mahanoy, has filed a civil rights Complaint and a Motion to proceed *in forma pauperis*. Named as Defendants in the case are Berks County, District Attorney John Adams, the West Reading Police Department, the Reading Eagle Newspaper Company, Fox News Media, Inc., Facebook, Inc. and Google, Inc. Because it appears that Randall is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or malicious.

## I.　FACTS

Randall alleges that on September 24, 2014, while he was incarcerated in the Berks County Jail, he filed a civil rights suit against Berks County, the jail, and multiple other defendants. (*See Randall v. Cty. Of Berks*, Civ. A. No. 14-5091 ("the 2014 case").) He was released from custody on November 2, 2014 and placed on parole. (ECF No. 2 at 5.)[1] On

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

February 17, 2015, he appeared for a hearing on a motion to dismiss in the 2014 case. The Motion was granted on August 24, 2015. (*See* Civ. A. No. 14-5091, ECF Nos. 69, 70.)

Randall further alleges that, in retaliation for his having filed the 2014 case, on May 15, 2015 he was arrested by the Defendant West Reading Police Department for "Organized Crime, Corrupt Organization, Illegal Enterprise and Dealing in Illegal proceeds" after being indicted by a grand jury supervised by Defendant District Attorney John Adams. (*Id.* at 7; *see* CP-06-CR-3823-2015 (Berks Cty CCP)[2].) He was held in custody in the Berks County Jail from May 15, 2015 through June 2, 2015, during which his cell was searched, and his legal documents were seized. (*Id.*) He alleges that a preliminary hearing was conducted on July 19, 2015, at which District Justice Timothy Dougherty denied his suppression motion and held the charges over for court. (*Id.*) The organized crime charges, however, were dropped after a hearing on December 22, 2015. Public records show that Randall was convicted in a bench trial before Judge Patrick T. Barrett on June 10, 2016 of numerous counts of forgery, theft by deception, receiving stolen property and criminal attempt. He was sentenced on August 3, 2016 to concurrent sentences of five year's incarceration and an additional five-year concurrent term, followed by a ten-year term of probation. Public records also show that Randall appealed his conviction by filing a notice of appeal on July 14, 2016, but the appeal was quashed on March 17, 2017. On February 25, 2019, the Pennsylvania Supreme Court denied Randall's request for a writ of mandamus.

In his Complaint, Randall asserts the following claims: (1) First Amendment retaliation against Berks County, the West Reading Police Department and John Adams based on his May 15, 2015 arrest and prosecution, and a May 20, 2015 cell search during which his legal papers

---

[2] The state court docket shows that Randall was also charged with multiple counts of forgery, theft by deception, receiving stolen property, and criminal attempt.

2

were seized by corrections officers; (2) denial of due process and equal protection against Berks County and Adams based on initiating a retaliatory prosecution, and failing to withdraw the organized crime charges; (3) a state law claim of defamation and denial of equal protection against Adams, Fox News Media, Inc. the Reading Eagle Newspaper Company, Facebook, Inc., and Google, Inc. for depicting Randall as an organized crime gang member with reckless disregard for the truth; (4) cruel and unusual punishment against Berks County, Adams and the West Reading Police Department based on (a) his arrest, conviction, incarceration, (b) transfers between various jails and prisons, (c) the seizure of his legal papers, and (d) defamation; and (5) illegal seizure/arrest against Berks County, Adams and the West Reading Police Department based on his prosecution. The federal civil rights claims are brought pursuant to 42 U.S.C. § 1983.

This is not the first time Randall has sued these Defendants. In Civil Action 17-1526 ("the 2017 case"), Randall also brought civil rights claims pursuant to 42 U.S.C. § 1983 against Berks County, Adams, the West Reading Police Department, Fox News Media, the Reading Eagle Newspaper Company, Facebook, Inc., Google, Inc. and others, alleging that the municipal entities and Adams had violated his First and Fourteenth Amendment rights by unlawfully prosecuting and defaming him, and alleging a state law claim that they and the media entities defamed him. The original complaint in that case was dismissed with leave to file an amended complaint (Civ. A. No. 17-1526, ECF No. 10), and the amended complaint was dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state plausible claims. (*Id.*, ECF Nos. 16, 17.) The dismissal order was affirmed on appeal. *See Randall v. Facebook, Inc.*, No. 17-2515 (3d Cir. Nov. 30, 2017.)

3

## II. STANDARD OF REVIEW

The Court will grant Randall leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). A claim is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see also Lockhart v. Oakland Police Dep't*, Civ. A. No. 10-5483, 2010 WL 5387500, at *1 (N.D. Cal. Dec. 22, 2010) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (same); *McGill v. Juanita Kraft Postal Serv.*, Civ. A. No. 03-1113, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted); *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) ("a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims").

## III. DISCUSSION

All of the claims asserted by Randall in his Complaint are barred by *res judicata* and, accordingly, are legally frivolous or malicious. Under the doctrine of *res judicata* or claim

4

preclusion, a subsequent suit based on the same cause of action as a prior suit that involved the same parties or their privies is barred where there has been a final judgment on the merits in the prior suit. *Bd. of Trustees of Trucking Employees v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). A mere change in the legal theory under which a party reasserts their claims will not prevent the application of the doctrine of *res judicata*. *Cruickshank-Wallace v. CNA Fin. Corp.*, No. 18-3635, 2019 WL 1769080, at *3 (3d Cir. Apr. 22, 2019) (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (noting we take a "broad view" when considering what constitutes the same cause of action, and whether *res judicata* applies turns on the "essential similarity" of the underlying events giving rise to the legal claims).

Randall's current claims are derived from the same set of underlying facts as the claims he asserted in the 2017 case, and the same parties he names as Defendants in this case where Defendants in the 2017 case. His earlier claims were dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) **after** Randall was afforded the opportunity to file an amended complaint, and the dismissal order was affirmed on appeal. Even if the Court did not view his current claims as essentially the same as the claims in the 2017 case, which they are, it is clear Randall **could have** brought his claims in the 2017 case.[3] *See Blunt*, 767 F.3d at 277 (noting *res judicata* bars not only claims brought in previous litigation, but also claims that could have been brought). Because of the *res judicata* bar, all of the claims Randall asserts in this lawsuit are

---

[3] The only current claim that is possibly distinct from the claims in the 2017 case is the one based on the alleged cell search and seizure of legal papers. It must be noted that Randall asserts that this incident occurred between May 15, 2015 and June 2, 2015. Thus, the claim existed when Randall filed the earlier lawsuit on March 30, 2017 against the same Defendants and could have been asserted there. Moreover, it is now frivolous for the additional reason that it is time barred under the borrowed two-year Pennsylvania statute of limitations governing § 1983 claims. *See Kach v. Hose* 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524.

5

legally frivolous and malicious and must be dismissed with prejudice pursuant to § 1915(e)(2)(B)(i).

## III. CONCLUSION

For the foregoing reasons, the Court will grant Randall leave to proceed *in forma pauperis* and dismiss his Complaint. All claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or malicious because they are repetitious of the claims Randall previously filed against the same Defendants. An appropriate Order follows.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.